**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ACHRAF CHIC,

Petitioner,

v. No. 2:26-cv-01012-DHU-JHR

PAM BONDI, Attorney General of the United States; KRISTI NOEM, Secretary of the Department of Homeland Security; TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, Field Officer Director, ICE El Paso Field Office; and WARDEN, Otero County Processing Center,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Achraf Chic's *pro se* Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. For the reasons below, the Petition is **GRANTED.**

## I.
## BACKGROUND

In February 2023, Petitioner, a native and citizen of Morocco, entered the United States, was detained at the border, and was subsequently released under supervision. *Id.* at 2. Following his release, Petitioner complied with his supervision requirements, including attendance at immigration court hearings. *Id.* While Petitioner attended the first two of these hearings, he missed the third, and as a result, a final Order of Removal was issued on July 21, 2025. *Id.* On November 28, 2025, Petitioner was traveling on a bus when the vehicle was stopped at an immigration checkpoint. *Id.* According to Petitioner, he "was singled out after officers heard his accent and was asked to exit the bus." *Id.* Petitioner was then taken into ICE custody and has remained in detention

since that date. *Id.* He is currently detained at the Otero Processing Center in Chaparral, New Mexico. *Id.*

Petitioner subsequently filed the instant Petition, challenging his prolonged detention following his final Order of Removal. *Id.* at 3-4. He requests a Writ of Habeas Corpus ordering Respondents to immediately release him under appropriate conditions of supervision. *Id.* at 4.

## II.
## LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Generally, when a noncitizen becomes subject to a final order of removal, the Department of Homeland Security ("DHS") "must physically remove him from the United States" within 90 days. *Johnson v. Guzman Chavez*, 594 U.S. 523, 528, 141 S.Ct. 2271 (citing § 1231(a)(1)(A)). This is commonly referred to as the "removal period." *Id.* During the removal period, DHS "shall detain the [noncitizen]" as it conducts the removal. § 1231(a)(1)-(2). If DHS does not remove the noncitizen during the removal period, the noncitizen must be released "pending removal . . . subject to supervision under regulations prescribed by the Attorney General." § 1231(a)(3).

Under Section 1231, a noncitizen's 90-day removal period "may be extended in at least three circumstances." *See Johnson*, 594 U.S. at 528-29 (citing §§ 1231(a)(1)(C), (c)(2)(A), (a)(6)). This extended period is commonly referred to as the "post-removal-period." *Johnson*, 594 U.S. at 529. Section 1231, however, "does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689, 701, 121 S.Ct. 2491 (2001). The post-removal period is, instead, limited to "a period reasonably necessary to bring about [the noncitizen's] removal from the

United States," which is presumptively 6 months, or one 180 days. *Id.* [1] "After that point, if the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing or release [him]." *Johnson*, 594 U.S. at 529; *see also* 8 C.F.R. § 241.13. To satisfy his burden of providing good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the noncitizen need not "show the absence of *any* prospect of removal—no matter how unlikely or unforeseeable." *Zadvydas*, 533 U.S. at 702. "And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* at 701.

If the noncitizen's removal is not reasonably foreseeable, the Court "should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699-700. "In that case, . . . the [noncitizen's] release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the [noncitizen] may no doubt be returned to custody upon a violation of these conditions." *Id.* at 700.

## III.
## DISCUSSION

Petitioner challenges his prolonged detention following his final Order of Removal. Doc. 1 at 3-4.

---

[1] "Although not expressly stated, the Supreme Court appears to view the 6-month period to include the 90-day removal period plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2006).

The Court first finds that the presumptively reasonable 6-month-period of detention has expired, *see Zadvydas*, 533 U.S. at 701, for Petitioner has been detained since November 28, 2025—a period of over 10 months.[2] Doc. 1. at 2.

The Court next finds that though Petitioner's post-removal period of 6 months had not passed when briefing was completed in this matter, Petitioner has shown good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. Petitioner has shown that he has been detained since his Order of Removal became final, and that the Government has failed to show meaningful progress toward removal. Doc. 1 at 3. Petitioner specifically argues that, despite fully cooperating with his removal efforts, including providing his travel documents, cooperating with the Moroccan consulate's processing, and complying with Respondents' requests, Respondents have been unable to remove him. *Id.* This is sufficient to shift the burden to Respondents to rebut Petitioner's showing.

The Court finds, assuming Respondents' removal efforts remain the same since they have not provided the Court with any updates since briefing was completed in this matter, that Respondents have failed to meet their burden. Respondents' only argument is that Petitioner has not provided any evidence to support "the cursory assertion that there is no significant likelihood of removal." Doc. 7 at 2-3. Respondents' evidence, therefore, does not rebut Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future.

Because Petitioner has shown that there is good reason to believe that his removal is not significantly likely in the reasonably foreseeable future, and because Respondents have not rebutted that showing, the Court finds that Petitioner's continued, indefinite detention violates

---

[2] At the time the parties briefed this matter, Petitioner's post-removal detention had not yet reached 6 months. However, the Court analyzes Petitioner's claims as they stand today, and he has now been detained over nine months since his order of removal became final without being removed.

Section 1231 and the Due Process Clause. Petitioner is, therefore, entitled to immediate release subject to appropriate conditions of supervision under Section 1231(a)(3). *See Jimenez Chacon*, 811 F. Supp. 3d 1299, 1313 (D.N.M. 2025); *Salazar-Martinez v. Lyons*, No. 2:25-cv-0961-KG-KBM, 2025 WL 3204807, at *2-3 (D.N.M. Nov. 17, 2025).

## IV.
## CONCLUSION

For the reasons stated above, Petitioner's *pro se* Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner from custody within **twenty-four (24) hours** of this Order under appropriate conditions of supervision pursuant to 8 U.S.C. § 1231(a)(3).

**IT IS FURTHER ORDERED** that Respondents file a Notice of Compliance no later than **three (3) days** from the entry of this Order, confirming Petitioner's timely release.

Finally, because the Court is adjudicating Petitioner's Petition for Writ of Habeas Corpus and granting him relief in this Order, Petitioner's Motion Requesting Immediate Court Action and Relief (Doc. 8), Motion to Reconsider Immediate Release (Doc. 9), and Motion for Extension of Time to Respond (Doc. 10) are **DENIED AS MOOT**.

The Court will issue a separate Final Judgment but retain jurisdiction over the matter to ensure compliance with this Order.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE